**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4681**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

RICHARD DARRYL PRUITT,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00133-NCT-1)

Submitted:  March 16, 2010              Decided:  May 14, 2010

Before NIEMEYER, MICHAEL,[*] and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

        [*] Judge Michael was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Darryl Pruitt pled guilty, pursuant to a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Pruitt to 120 months' imprisonment. He now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in imposing the sentence. Finding no error, we affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Pruitt's guilty plea and that Pruitt's substantial rights were not infringed. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent factual basis and that Pruitt entered the plea knowingly and voluntarily with an understanding of the attendant consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review Pruitt's sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41

3

(2007).  In conducting this review, we must first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Id. at 51.  "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Id. (internal quotation marks omitted).  The court, however, is not required to "robotically tick through § 3553(a)'s every subsection."  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

If the sentence is free of procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.  If the sentence is within the appropriate

4

Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We conclude that the district court did not commit procedural or substantive error in sentencing Pruitt. The court properly calculated and treated as advisory the Guidelines sentence and heard argument from the parties and Pruitt's allocution. The court considered the relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense, Pruitt's history and characteristics, and the need for the sentence to reflect the seriousness of Pruitt's offense and to deter Pruitt. Further, neither counsel nor Pruitt offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 120 months' imprisonment is reasonable.

We therefore affirm the district court's judgment and deny Pruitt's motion for other relief. This court requires that counsel inform Pruitt, in writing, of the right to petition the Supreme Court of the United States for further review. If Pruitt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pruitt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>